**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

COVINGTON SPECIALTY INSURANCE
COMPANY,

Plaintiff,

v.

FASTFORWARD MEDIA, LLC,
MATTHEW CROSSETT,

Defendants.

---

**COMPLAINT FOR DECLARATORY RELIEF; REIMBURSEMENT**

---

Plaintiff, by and through its attorney, Lawrence M. Zavadil, of the Zavadil Law Offices, LLC, hereby submits its Complaint for Declaratory Relief and Reimbursement:

**PARTIES**

1.      Plaintiff COVINGTON is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Atlanta, Georgia. COVINGTON is authorized to do business in the State of Colorado.

2.      COVINGTON is informed and believes, and thereupon alleges, that FASTFORWARD MEDIA, LLC, ("FASTFORWARD"), is a corporation organized and existing under the laws of the State of Colorado, having its principal place of business in Durango, Colorado.  COVINGTON is informed and believes, and thereupon also alleges, that MATTHEW CROSSETT ("CROSSETT"), is a former employee of FASTFORWARD, residing in the State of California.

## JURISDICTION AND VENUE

3.      This is a civil action of which this Court has original jurisdiction under 28 USC Section 1332, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  As Defendant FASTFORWARD is located in Durango, Colorado, and this lawsuit seeks declaratory relief relating to insurance coverage for the underlying *Hood* lawsuit pending in the Colorado District Court, 6th Judicial District, County of La Plata (see below), venue is proper in the United States District Court for the District of Colorado.  Complete diversity of citizenship exists in that: Plaintiff COVINGTON is a citizen of the State of New Hampshire and Georgia; Defendant FASTFORWARD is a citizen of the State of Colorado, and Defendant CROSSETT is a citizen of the State of California.

## GENERAL ALLEGATIONS

4.      FASTFORWARD and CROSSETT have been named as defendants in a lawsuit filed in the Colorado District Court, 6th Judicial District, County of La Plata, entitled *Hood, et al. v. FastForward Media, LLC, et al.*, Case Number RG16811167.  The lawsuit seeks damages for injuries sustained on February 18, 2017, while plaintiffs Christina Hood & James Hood and Sandra & James Petta were spectators at an annual skijoring event in the City of Silverton.  "Skijoring" is a winter sport where a person on skis is pulled by a horse and rider down a man-made ski track consisting of jumps and numerous obstacles.  Plaintiffs allege they were watching the races from a point near the starting gate when the drone CROSSETT was operating flew too close to a horse at the starting gate.  They allege the "buzzing sound and sudden overhead movement of the drone spooked" the horse and caused it to run into a group of spectators that included plaintiffs, trampling Plaintiffs Christina Hood, Sandra Petta and James Petta.

5.     The lawsuit asserts one cause of action for negligence against CROSSETT and FASTFORWARD, alleging that as an employee and vice-principal of FASTFORWARD, and as a sitting board member of Defendant Skijoring America, CROSSETT failed "to exercise reasonable care" and "violated numerous FAA standards and requirements which would have allowed him to legally operate a commercial drone flight over a public event," all resulting in plaintiffs' injuries.

6.     Defendants FASTFORWARD and CROSSETT have disputed liability in the underlying suit.

## THE POLICY

7.     COVINGTON issued a commercial general liability policy to FASTFORWARD, Policy No. VVA500742 ("Covington Policy" or the "Policy") effective November 4, 2016 through November 4, 2017.  The Policy's "Insuring Agreement" provides that COVINGTON:

> "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking those damages.  []"

The Covington Policy defines "bodily injury" to mean:

> "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

However, the Policy excludes from coverage

> "'bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft [] owned or operated by or rented or loaned to any insured. []"

8.     The Covington Policy, therefore, does not provide defense or indemnity coverage for the claims asserted in the underlying *Hood* lawsuit, including any amounts, damages, settlements, and/or any other payments sought by the *Hood* plaintiffs, as such damage arose out of Defendant FASTFORWARD and Defendant CROSSETT's "ownership, maintenance, use or entrustment to others" of the drone (unmanned aircraft) referred to in the *Hood* complaint.

9.     As no agreement has been reached between Defendants and Plaintiffs concerning application of the "aircraft exclusion" in the Policy, COVINGTON is entitled to a judicial determination of insurance coverage under the Covington Policy for the claims and damages asserted in the *Hood* lawsuit.

## COVINGTON'S DEFENSE OF FASTFORWARD AND CROSSETT

10.     FASTFORWARD tendered the underlying *Hood* lawsuit to COVINGTON in February 2019.

11.     COVINGTON agreed to defend the underlying suit subject to a full and complete reservation of rights, including but not limited to, the right to seek reimbursement of defense costs paid on uncovered claims, the right to deny coverage for indemnity, and the right to seek a declaration by this Court concerning coverage under the Covington Policy for the *Hood* lawsuit.

12.     COVINGTON has been defending FASTFORWARD and CROSSETT in the underlying suit and continues to do so.

## FIRST CAUSE OF ACTION

### (Declaratory Relief — COVINGTON's Defense and Indemnity Obligations)

13.     COVINGTON hereby incorporates paragraph 1 through 12 above, as though they were fully set forth herein.

14.     Under the Covington Policy's "Aircraft, Auto or Watercraft" exclusion, there is no indemnity coverage for any amounts, damages, settlements, and/or any other payments arising from or in connection with claims asserted in the underlying *Hood* lawsuit.  As such,

there is no "potential for coverage" under the Covington Policy, and therefore no duty to defend FASTFORWARD and CROSSETT in the *Hood* lawsuit.

15.    As a result, an actual controversy exists between COVINGTON, FASTFORWARD and CROSSETT, concerning their respective rights and obligations under the Covington Policy, in connection with the underlying *Hood* lawsuit.  COVINGTON is entitled to a declaration by this Court that it owes no defense and indemnity obligations to FASTFORWARD and CROSSETT in connection with the underlying suit.  The requested declarations are necessary and proper at this time so that the parties will be bound by the same interpretation of the Covington Policy, and adjudication of their rights and obligations, if any.

## SECOND CAUSE OF ACTION

### (Reimbursement of Payments Made Under

### Reservation of Rights — Against All Defendants)

16.    COVINGTON re-alleges and incorporates herein by reference Paragraphs 1 through 15, inclusive, of this Complaint as though fully set forth herein.

17.    As the Covington Policy does not afford coverage to FASTFORWARD OR CROSSETT for the *Hood* suit, COVINGTON had and has no obligation to make any payment under the Covington Policy, whether for defense or indemnity.  Thus, COVINGTON is entitled to an order of reimbursement of any and all payments made or to be made by COVINGTON on behalf of, or for the benefit of FASTFORWARD or CROSSETT with respect to the *Hood* lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, COVINGTON prays for judgment as follows:

## FIRST CAUSE OF ACTION

For a declaration and judgment that:

1.  the Covington Policy does not afford coverage to Defendant

FASTFORWARD and CROSSETT for the underlying *Hood* lawsuit, and, as such, COVINGTON has no obligation to defend or indemnify FASTFORWARD or CROSSETT with respect to the *Hood* lawsuit; and

## SECOND CAUSE OF ACTION

2.  For an award of damages in the amount of the sums paid by COVINGTON on behalf of FASTFORWARD and CROSSETT, under and pursuant to COVINGTON's reservation of rights, for defense or indemnity in connection with the *Hood* suit, plus interest on said sums at the legal rate from the date of COVINGTON's payment of said sums.

## ON ALL CLAIMS:

3.  For additional and consequential damages as may be proven at trial;

4.  For interest thereon;

5.  For costs of suit; and

For such other amounts and relief as this Court deems just and proper.

Dated this 22nd day of April 2019.

Respectfully submitted,


s/Lawrence M. Zavadil

Lawrence M. Zavadil
Zavadil Law Offices, LLC
5618 S. Eaton Street
Denver, CO  80123
Phone:    (720) 638-7015
Email:    larry@lzavadillaw.com